UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FLUOROQUINOLONE PRODUCTS
LIABILITY LITIGATION                                                         MDL No. 2642

**TRANSFER ORDER**

**Before the Panel**:[*] Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2642. Defendants oppose the motions to vacate and support transfer.[1]

After considering the argument of counsel, we find that these actions share common questions of fact with the actions previously transferred to MDL No. 2642, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2642. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that fluoroquinolone antibiotics cause or substantially contribute to the development of irreversible peripheral neuropathy and that the warnings provided by defendants concerning that risk were inadequate. *See In re: Fluoroquinolone Prods. Liab. Litig.*, — F. Supp. 3d —, 2015 WL 4885571 (J.P.M.L. 2015).

In support of the motions to vacate, plaintiffs argue that their actions were improperly removed and their motions for remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Charles A. Breyer took no part in the decision of this matter.

[1] Bayer HealthCare Pharmaceuticals Inc., and Bayer Corporation (collectively, Bayer); and Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Johnson & Johnson (collectively, Janssen).

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable John R. Tunheim for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell            Lewis A. Kaplan
Ellen Segal Huvelle            R. David Proctor
Catherine D. Perry

A true printed copy in  3  sheet(s) of the electronic record filed on 2/17/16, in the United States District Court for the District of Minnesota.
CERTIFIED, February 17 2016
RICHARD D. SLETTEN
BY: Brennan
Deputy Clerk

IN RE: FLUOROQUINOLONE PRODUCTS  
LIABILITY LITIGATION                                             MDL No. 2642

## SCHEDULE A

<u>Northern District of California</u>

BURIES v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:15-04282  16-cv-388 (JRT)
BOHANNON v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:15-04295  16-cv-389 (JRT)
MISAKIAN v. MCKESSON CORPORATION, ET AL., C.A. No. 3:15-04797  16-cv-390 (JRT)
HULSH v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,  16-cv-391 (JRT)
    C.A. No. 3:15-04801